IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN JOSE SERVIN, #24486-179, PLAINTIFF, | § § § § | |
| v. | § § | CASE NO. 3:23-CV-652-N-BK |
| WARDEN C. RIVERS, DEFENDANT. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* civil action was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be summarily **DISMISSED WITH PREJUDICE** as frivolous.

**I. BACKGROUND**

On March 27, 2023, Juan Jose Servin, a federal inmate at the Federal Correctional Institution (FCI) in Seagoville, Texas, filed a civil rights complaint against Warden C. Rivers. Doc. 3 at 1. He challenges a 2021 prison disciplinary action, which resulted in the loss of 41 days of good time credit. Doc. 3 at 5. Servin exhausted his administrative remedies through the Bureau of Prisons (BOP) and now seeks to expunge the incident report and the restoration of lost good-time credit. Doc. 3 at 6; Doc. 3 at 8-33 (copies of administrative proceedings). Servin also seeks to enjoin the BOP from retaliating against him for exercising his "Due Process in seeking remedy." Doc. 3 at 6.

Upon review, the Court concludes that Servin fails to present a cognizable claim. Thus, this action should be dismissed as frivolous.[1]

## II. ANALYSIS

Servin's complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Those statutes provide for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint lacks an arguable basis in law when it is premised "on an indisputably meritless legal theory," *Id.* at 327, and fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court must always liberally construe the pleadings of *pro se* litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers"); *cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). Even under the most liberal construction, however, Servin's complaint is frivolous.

The Court first notes that Servin's requests to expunge the disciplinary charge and restore his lost good-time credit are challenges to the fact or duration of his incarceration—in essence an appeal for an earlier or speedier release from confinement—and as such, are not cognizable in a

---

[1] Although Servin did not pay the filing fee or file a motion to proceed *in forma pauperis*, it is more efficient to assume that he seeks leave to proceed *in forma pauperis* and dismiss the complaint than to require compliance with the Court's filing requirements.

civil rights action. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973))).  Servin must instead seek such relief through a habeas corpus action under 28 U.S.C. § 2241.  *See Wolff v. McDonnell,* 418 U.S. 539, 554-55 (1973) (restoration of good-time credits was foreclosed under civil rights statute but could be sought through habeas); *Henson v. U.S. Bureau of Prisons*, 213 F.3d 897, 898 (5th Cir. 2000) (§ 2241 habeas action addressing loss of good-time credit due to disciplinary proceeding). The Court thus liberally construes his request as seeking habeas relief, which should be severed and addressed in a separate habeas corpus action. *See McGrew v. Bd. of Pardons & Paroles Div.*, 47 F.3d 158, 161 & n.5 (5th Cir. 1995) (collecting cases) (noting claim challenging request for release and denial of street-time credit following parole revocation could be construed as seeking habeas relief).

　　Servin's retaliation claim likewise fails.  He requests that the Court order Defendants not to retaliate against him for the filing of this or other action challenging the October 2021 disciplinary proceedings.  Prison officials are already prohibited from retaliating against inmates for exercising their right to access the courts or who complain about prison conditions and official misconduct.  *See Woods v. Smith*, 60 F.3d 1161, 1164-65 (5th Cir. 1995) ("An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate.").  Moreover, Servin does not allege that he has already suffered retaliation.  A claim of retaliation "cannot be prospective or speculative." *Adams v. Sers*, No. 1:21-CV-00246, 2021 WL 1996793, at *2 (W.D. La. Apr. 21, 2021) (collecting cases), *R. & R. adopted*, 2021 WL 1987372 (W.D. La. May 18, 2021). And "conclusional allegations of future retaliation do not set forth a claim for relief . . . ." *Hodge*

*v. Steples*, 61 Fed. Appx. 918, 2003 WL 1107364, at *1 (5th Cir. 2003)) (citing *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999)).

For the foregoing reasons, Servin's civil rights complaint lacks legal and factual basis and should be dismissed with prejudice as frivolous.

### III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). As discussed above Servin's claims are fatally infirm. Based on the most deferential review of his complaint, it is doubtful that, given the opportunity, he could allege cogent and viable legal claims. Thus, the Court concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

### IV. CONCLUSION

As detailed above, this civil rights action should be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). However, in light of his *pro se* status, Servin's request to expunge the incident report and reinstate his lost good-time credit is liberally construed as a request for habeas relief, and thus should be severed from this action and filed in a new habeas corpus action under 28 U.S.C. § 2241.

**SO RECOMMENDED** on April 19, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).